IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
[ATLANTA DIVISION]

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **25CR00520** |
| Plaintiff, | |
| v. | |
| Sharon Henderson, Defendant. | |

# DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH RULE 17(c) SUBPOENA

COMES NOW the Defendant, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 17(c), Rule 17(g), the Sixth Amendment to the United States Constitution, and applicable authority, for an Order compelling compliance with a subpoena issued to a third-party witness. In support thereof, Defendant states as follows:

## I. INTRODUCTION

1. This Motion concerns a duly issued and properly served Rule 17(c) subpoena directed to a third-party witness, **[Elizabeth Sutton, Henry County Board of Education]** ("Witness").

2. The Witness has failed to comply with the subpoena and has not filed a motion to quash or otherwise sought relief from this Court.

3. The requested materials are relevant, specifically identified, and necessary for trial preparation.

## II. FACTUAL BACKGROUND

4. On February 3, 2026, counsel for Defendant caused a subpoena to be issued pursuant to Federal Rule of Criminal Procedure 17(c).

5. The subpoena commanded the Witness to produce specific documents and/or electronically stored information on or before _March 2020 for the notice of termination___.

6. The subpoena was properly served on February 5, 2026, as reflected in the attached Proof of Service (Exhibit A).

7. The defendant is currently charged with theft of funds and false statements related to her employment with Henry County Schools. Looking for proof of termination from Henry County Schools.

8. The materials requested relate directly to issues in this case, including but not limited to:
a. Notice of termination of employment from Henry County Board of Education
b. Evidence material to the defense theory.

9. Despite proper service, the Witness has failed to produce the requested materials.

10. The Witness has not filed a motion to quash pursuant to Rule 17(c)(2).

11. Defense counsel has attempted in good faith to secure compliance without Court intervention.

## III. LEGAL AUTHORITY

12. Federal Rule of Criminal Procedure 17(c)(1) authorizes a subpoena commanding production of documents and objects.

13. Under Rule 17(g), failure to obey a subpoena without adequate excuse may be deemed contempt of court.

14. In *United States v. Nixon*, 418 U.S. 683 (1974), the Supreme Court held that Rule 17(c) subpoenas are enforceable where the moving party demonstrates:

(1) Relevance;
(2) Admissibility; and
(3) Specificity.

15. The Defendant has satisfied each prong of the *Nixon* standard.

16. The Sixth Amendment guarantees the Defendant the right to compulsory process for obtaining witnesses and evidence in his favor. See *Washington v. Texas*, 388 U.S. 14 (1967). Whether or not she gave false statements on employment status. The Defense theory that she did not make false statements in reference to her employment status.

## IV. APPLICATION OF LAW TO FACTS

## A. Relevance

17. The requested materials directly relate to contested factual issues in this case.

18. The materials are probative of [defense theory / impeachment / bias / timeline].

## B. Admissibility

19. The materials sought are evidentiary in nature and are reasonably expected to be admissible at trial under the Federal Rules of Evidence, including for impeachment, authentication, or substantive proof.

## C. Specificity

20. The subpoena identifies discrete, narrowly tailored categories of documents.

21. The request is not a general discovery demand or fishing expedition.

## V. NECESSITY OF COURT INTERVENTION

22. Trial preparation is ongoing.

23. Absent compliance, Defendant will suffer prejudice in preparing for trial.

24. The Court has authority under Rule 17(g) to compel compliance and enforce its subpoenas.

## VI. REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

a. Enter an Order compelling **[Elizabeth Sutton, Henry County Board of Education]** to comply fully with the Rule 17(c) subpoena;
b. Set a date certain for production;
c. Schedule a hearing if necessary;
d. Advise the Witness that failure to comply may result in contempt proceedings; and
e. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted this _2nd__ day of _March__, 2026.

GERALD GRIGGS
Attorney for Defendant
Georgia Bar No. 141643

GERALD A. GRIGGS, LLC.
/s/ _____
Gerald Griggs
Georgia Bar No. 141643
GERALD A. GRIGGS, LLC
4751 Best Rd. Suite 205
College Park, Ga.
Telephone: 404 596-8866
Email: gerald@geraldagriggs.com
Counsel for Defendant

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the Local Rules of the United States District Court for the Northern District of Georgia, undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

This _2nd__ day of _March__, 2026.

**/s/ Gerald A. Griggs**
Gerald A. Griggs

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will automatically send notice to counsel of record. I further certify that a copy has been served upon **[Elizabeth Sutton, Henry County Board of Education]** via personal delivery.

This _2nd_ day of _March___, 2026.

**/s/ Gerald A. Griggs**
Gerald A. Griggs