IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

SHARON HENDERSON

Criminal Action No.

1:25-CR-520-MLB-RDC

**Government's Response to Motion to Dismiss Indictment**

The United States of America, by Theodore S. Hertzberg, United States Attorney, and Garrett L. Bradford, Assistant United States Attorney for the Northern District of Georgia, files this response to Defendant's Motion to Dismiss Indictment or, in the Alternative, for Limited Discovery and an Evidentiary Hearing (Doc. 21, Doc. 22). Defendant's motion to dismiss is precluded by controlling Eleventh Circuit precedent. Additionally, Defendant has failed to make the required prima facie showing to warrant discovery regarding purported selective prosecution. Accordingly, her motion should be denied.

**Introduction**

Defendant is charged in this case with engaging in a year-long scheme to exploit and defraud the Pandemic Unemployment Assistance program, created to help needy workers who lost their jobs during the unprecedented COVID-19 emergency, in order to steal $17,811 of taxpayer money to which she was not entitled. Defendant engaged in this scheme while campaigning (successfully) to

represent taxpayers and community members as a Georgia State House Representative, and even while holding that office. Specifically, she is charged with two counts of violating 18 U.S.C. § 641 (theft of government funds) and ten counts of violating 18 U.S.C. § 1001 (false statements). The 18 U.S.C. § 1001 charges are based on weekly certifications she submitted to claim federally-funded unemployment insurance payments in which she falsely claimed that, among other things, she had last worked for Henry County Schools on March 10, 2020, and had been unable to return to that job because of the pandemic. In reality, Defendant had not worked for Henry County Schools since 2018 and her exit from that job (and decision to not seek any other employment) had nothing to do with the pandemic.

## Legal Analysis

### 1. Motion to Dismiss

Defendant's first request is that the Court dismiss the indictment because prosecutions under 18 U.S.C. § 1001 require that the false statements be made in a matter within the jurisdiction of a federal agency and, in this case, the false statements were allegedly made solely to a state agency with no federal nexus.

As an initial matter, Defendant's request that the Court dismiss the indictment fails because even if she were successful in her claim that the requirements of 18 U.S.C. § 1001 are not met, that affects, at most, Counts Three through Twelve of the indictment and would not disturb Counts One or Two (which charge violations of 18 U.S.C. § 641).

Second, Defendant's argument that the false statements were not made in a matter within the jurisdiction of a federal agency in contravened by the allegations in the indictment. Specifically, the indictment alleges, among other things:

· "Unemployment Insurance (UI) was a joint state and federal program" (Doc. 1 ¶ 3).

· "[T]he Pandemic Unemployment Assistance Program (PUA) program was created to provide federally-funded unemployment-related benefits." (*Id.* ¶ 4).

· "[T]he Federal Pandemic Unemployment Compensation (FPUC), and the Lost Wages Assistance Program (LWAP)" were "federal supplements" to the UI and PUA programs. (*Id.* ¶ 5).

· While the Georgia Department of Labor administered the programs, "the United States Department of Labor provided oversight and federal-level administration of the programs." (*Id.* ¶ 6).

These factual allegations in the indictment are assumed to be true and are viewed in the light most favorable to the government. *See United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). Thus, Defendant's claim that there was no federal nexus is defeated by the factual allegations in the indictment.

Third, Defendant's argument has already been rejected by the Eleventh Circuit. Defendant's primary argument relies on *United States v. Facchini*, 874 F. 2d 638, 643 (9th Cir. 1989) (en banc). (*See* Doc. 21 at 2). But the Eleventh Circuit expressly rejected that reasoning. *United States v. Herring*, 916 F.2d 1543, 1546 (11th Cir. 1990) ("We reject the Ninth Circuit's narrow and technical definition of

section 1001 jurisdiction."). Notably, the Eleventh Circuit in *Herring* went even farther and specifically concluded that, with respect to unemployment insurance claims filed with the Georgia Department of Labor, "Section 1001 is the proper vehicle for prosecuting individuals who make false statements on applications for state unemployment benefits." *Id.* at 1548.

Accordingly, Defendant's motion to dismiss the indictment should be denied.

## 2.  Request for limited discovery and evidentiary hearing

Defendant's alternative request is that the Court order limited discovery and an evidentiary hearing to explore a potential selective prosecution claim. That request should also be denied.

Defendant has failed to meet her burden to trigger such discovery by making a prima facie showing. The Supreme Court has explained that courts should be "hesitant to examine the decision whether to prosecute," noting the "costs present when the Government must respond to a prima facie case of selective prosecution to the government" and concerns about invading or impairing "the performance of a core executive constitutional function." *United States v. Armstrong*, 517 U.S. 456, 465, 468 (1996). The Court recognized that "[t]he Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws," and also that a "presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Id.* at 464 (internal quotation marks omitted). The Court emphasized that its cases "have taken great pains to explain that the standard is a demanding one," and

4

reflect the "background presumption that the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims. *Id.* at 463-64. The Court in *Armstrong* concluded that defendants must make "a credible showing of different treatment of similarly situated persons," and reversed an order granting discovery where a defendant failed to identify specific individuals who "could have been prosecuted for the offenses for which respondents were charged, but were not so prosecuted." *Id.* at 470.

Here, Defendant has made no evidentiary showing at all. She has only proffered two conclusory statements without any factual support. She claims that "PUA applicants with comparable alleged misstatements were generally handled administratively or in state court," and that Defendant "was selected for federal prosecution despite the state-level nature of the conduct." (Doc. 21 at 3; *see* Doc. 22 at 3). But Defendant cites to no facts in or outside the record, and provides no support for these conclusions. Defendant, a sitting state elected official, identifies no similarly situated individuals who received different treatment, and has supplied no argument for her claim that her fraud on the federally funded emergency programs was merely a "state-level" matter.

Defendant has not met the required demanding threshold showing to overcome the presumption of regularity in prosecution and her request for discovery and an evidentiary hearing should be denied.

5

## Conclusion

For the reasons stated above, Defendant's motion to dismiss and request for discovery should be denied.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/GARRETT L. BRADFORD
*Assistant United States Attorney*
Georgia Bar No. 074374
Garrett.Bradford@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

March 20, 2026

/s/ GARRETT L. BRADFORD
GARRETT L. BRADFORD
*Assistant United States Attorney*