# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### [ATLANTA DIVISION]

UNITED STATES OF AMERICA,

Plaintiff,

v.

Sharon Henderson,
Defendant.

Case No.
**1:25-cr-520**

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS INDICTMENT OR, IN THE ALTERNATIVE, FOR LIMITED DISCOVERY AND AN EVIDENTIARY HEARING

COMES NOW, the Defendant, SHARON HENDERSON, by and through undersigned counsel, and respectfully submits this Reply in support of her Motion to Dismiss the Indictment or, in the Alternative, for Limited Discovery and an Evidentiary Hearing (Docs. 21, 22), and shows the Court as follows:

## INTRODUCTION

The Government's Response (Doc. 26) mischaracterizes the legal standards governing § 1001 prosecutions, improperly conflates counts under § 641 with § 1001 counts, and misstates the requirements for selective prosecution discovery. The Defendant addresses these points below in a paragraph-by-paragraph rebuttal.

1

# REPLY TO GOVERNMENT'S ARGUMENTS

## 1. Motion to Dismiss – Federal Nexus Under § 1001

Government's Claim: The Defendant's false statements were made to a state agency, but § 1001 requires a federal nexus; counts cannot be dismissed because unemployment programs are jointly administered. (Doc. 26, pp. 2–4)

Response: The Eleventh Circuit recognizes that § 1001 jurisdiction is not limited to a narrow technical definition of federal involvement. In *United States v. Herring*, 916 F.2d 1543, 1548 (11th Cir. 1990), the court held that § 1001 prosecutions are appropriate for false statements made on state unemployment claims where the program is federally funded and overseen. However, § 1001 additionally requires that each statement be knowingly false and material to a federal decision-making process. See *United States v. Kozeny*, 667 F.3d 122 (11th Cir. 2011); *United States v. Gaudin*, 515 U.S. 506 (1995). The test for determining materiality under section 1001 is whether the false statement has the capability of affecting or influencing the exercise of a government function. *United States v. Fern*, 696 F.2d 1269 (11th Cir. 1983). The Government's Response assumes materiality based on funding alone, without demonstrating that each weekly certification influenced any federal determination or affected the exercise of any government function. The

indictment's allegations are insufficient to establish materiality as required by law, leaving Counts Three through Twelve legally vulnerable and fatally defective.

**2. Government's Argument That § 641 Counts Preclude § 1001 Review**

Government's Claim: Even if § 1001 counts are defective, Counts One and Two under § 641 remain valid, so dismissal is unnecessary. (Doc. 26, p. 3)

Response: The presence of valid § 641 counts does not cure defects in § 1001 counts. An indictment must plead each element of every charge, including jurisdictional and materiality elements for § 1001. See *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). Failure to plead these elements renders the § 1001 counts legally insufficient and subject to dismissal.

**3. Government's Reliance on Facchini (9th Cir.) and Rejection by Herring**

Government's Claim: The Defendant's reliance on *Facchini* is misplaced; Eleventh Circuit rejected the Ninth Circuit's narrow reading of § 1001. (Doc. 26, pp. 3–4)

Response: While *Herring* broadly upheld § 1001 prosecutions for state-administered unemployment claims, it did not eliminate the materiality requirement or excuse insufficient allegations of federal influence. Courts continue to scrutinize whether statements were capable of influencing federal decisions. See *Kozeny*, 667 F.3d 122. Here, the indictment's allegations assume federal oversight

without showing how each statement materially affected a federal determination, leaving § 1001 counts fatally deficient.

## 4. Request for Limited Discovery – Selective Prosecution

Comparable Applicants Not Prosecuted Federally: Other PUA applicants who allegedly submitted inaccurate employment information were generally handled through state administrative or judicial processes, without federal involvement. For example, on July 27, 2023, a Fulton County Grand Jury indicted eight former State of Georgia employees on state-level charges for violations of the Georgia Employment Security Law (O.C.G.A. § 34-8-256) and False Statements and Writings (O.C.G.A. § 16-10-20) relating to their claims for unemployment insurance (UI) benefits during the COVID-19 pandemic, despite being employed full-time by the State. Each allegedly falsified portions of their applications or weekly certifications, resulting in approximately $170,931 in UI benefits and federally funded supplements. The case was prosecuted solely in state court by the Georgia Attorney General's Office, and no federal prosecution was pursued.[1] Those eight State workers, James Neville, La-Kira Williams, Denice Vance,

[1] 1 See *Carr: Eight Former State Employees Indicted in Fulton County for Unemployment Insurance Fraud*, Office of the Attorney General (Aug. 3, 2023), available at https://law.georgia.gov/press-releases/2023-08-03/carr-eight-former-state-employees-indicted-fulton-county-unemployment (*Attorney General of Georgia press release describing state prosecution of UI fraud*)

Divincia Richardson, Willie Jones, Tamika C. Goodwin, Curesha Blair, and Regina Sterling were charged and indicted with multiple counts of making false statements and writings in the Superior Court of Fulton County.[2] This demonstrates that similarly situated individuals were not federally prosecuted.

**CONCLUSION**

For the foregoing reasons, the Defendant respectfully requests that the Court:

1. Dismiss Counts Three through Twelve of the Indictment under 18 U.S.C. § 1001, or, in the alternative,

2. Grant limited discovery and an evidentiary hearing to explore potential selective prosecution.

Respectfully submitted this _25th__ day of _March__, 2026.

GERALD GRIGGS
Attorney for Defendant
Georgia Bar No. 141643
GERALD A. GRIGGS, LLC.
/s/ _____

---

[2] *State of Georgia v. Willie Jones,* 23SC188693 Superior Court of Fulton County (2023)

Gerald Griggs
Georgia Bar No. 141643
GERALD A. GRIGGS, LLC
4751 Best Rd. Suite 205
College Park, Ga.
Telephone: 404 596-8866
Email: gerald@geraldagriggs.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will automatically send notice to counsel of record. I further certify that a copy has been served upon **[Elizabeth Sutton, Henry County Board of Education]** via personal delivery.

This _25th __ day of _March___, 2026.

/s/ Gerald A. Griggs
Gerald A. Griggs
Attorney for Defendant